887 F.2d 1080
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin Wayne MARTIN, Plaintiff-Appellant,
v.
Eddie A. FUNKHOUSER; County of Rockbridge, Virginia,
Defendants-Appellees.
 No. 89-7615.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Oct. 6, 1989.
Rehearing Denied Oct. 26, 1989.
 
 Melvin Wayne Martin, appellant pro se.
 William Sampson Kerr, for Appellee Eddie A. Funkhouser.
 Neal Stanley Johnson (Natkin, Heslep, Siegel & Natkin, PC), for appellee Rockbridge County, Virginia.
 Before DONALD RUSSELL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Melvin Wayne Martin appeals from the district court order granting the defendants' motion for summary judgment and dismissing his claims under 42 U.S.C. Sec. 1983. The district court properly disposed of Martin's claims against Rockbridge County. Accordingly, we affirm the dismissal of the county on the reasoning of the district court.
 
 
 2
 Martin alleged in his complaint that Funkhouser's actions in charging him under both Va.Code Ann. Sec. 46.1-192.1 and Sec. 46.1-189 caused him to be convicted twice for the same crime of reckless driving, thereby violating his Fifth Amendment right against double jeopardy. Funkhouser's acts did not violate the prohibition against being twice put in jeopardy for the same offense. The constitutional protection against double jeopardy protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (emphasis added). Jeopardy attaches at the time of trial, Serfass v. United States, 420 U.S. 377 (1975), not at the time of arrest. As Funkhouser did not violate any of Martin's constitutional rights when he charged Martin, Martin has failed to state a claim under 42 U.S.C. Sec. 1983. We therefore also affirm the district court's dismissal of Martin's claims against Funkhouser.
 
 
 3
 We deny Martin's motion to amend his complaint as untimely. Martin's motion for appointment of counsel is denied. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.